# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JRL HOLDING COMPANY, LC, | )<br>) |
| Plaintiff, | )<br>) No. 15 cv 2108 EJM |
| vs. | )<br>) ORDER |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

This matter is before the court on defendant's resisted Motion to Dismiss Count II, filed February 22, 2016. Granted.

Plaintiff JRL Holding Company, L.C. (JRL) brings this action in two counts against Travelers Property Casualty Company of America (Travelers) as the assignee of assignor/insured Advanced Draining Systems, Inc. (ADS), on a claim for loss due to hail damage at location 300 Ansborough Avenue, Waterloo, Iowa, under an insurance policy with Travelers. Count I alleges Breach of Contract. Count II alleges Bad Faith. Jurisdiction is under 28 U.S.C. §1332.

Defendant moves to dismiss Count II for failure to state a claim under Fed.R.Civ.Pro. 12(b)(6.) For purposes of this motion to dismiss, the court will "accept as true all of the factual allegations contained in the Complaint," and will draw "all reasonable inferences...in favor of the plaintiff." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2009).

1

Defendant asserts three rationales for why Count II fails to state a claim: (1) the bad faith claim was never asserted by assignor ADS, at least not before the time of the assignment (or, since there were more than one assignment, not before the time of the last assignment) so such a claim did not exist and could not have been included in the bundle of rights assigned by ADS to JRL; (2) by the terms of the assignment(s), only contractual claims to the insurance proceeds were assigned, which does not include a non-contractual tort claim such as a claim for bad faith; and (3) Travelers does not owe an independent, direct duty to refrain from bad faith to a non-insured such as JRL. The court shall analyze each of these propositions separately, below.

First, as to the claim that the bad faith claim was never asserted by assignor ADS, at least not before the time of the last assignment, so such a claim did not exist and thus could not have been included in the bundle of rights assigned by ADS to JRL, two Iowa appellate courts have held that to create a valid assignment in Iowa, "there must be a perfected transaction between the parties, intended to vest in the assignee present right in the thing assigned." Carey v. Chase, 175 N.W. 60, 62 (Iowa 1919); T. Zenon Pharm., LLC v. Wellmark, Inc., No. 14-0769, 2015 WL 9450469, at *13 (Iowa Ct. App., Dec. 23, 2015.) The Complaint, even read in the light most favorable for the plaintiff, does not allege that ADS ever asserted or perfected a claim of bad faith against Travelers. Neither do any of the assignment documents. Therefore, no bad faith claim on behalf of assignor ADS

existed or has been pled to exist at the time of assignment, or even now, and so could not have been assigned to JRL.

Second, Travelers asserts that by the terms of the assignments, only contractual rights to the insurance proceeds were assigned, which does not include a non-contractual tort claim such as a claim for bad faith, even if it had existed. This is a matter of interpretation of the particular assignment contracts. The Assignment of Insurance Claim, exhibit 1 to the complaint, paragraph 2, states "Lessee hereby transfer, assigns and sets over to Lessor all of Lessee's right, title and interest to the Claim including, but not limited to any and all insurance claims..." Whether or not this language, including the "but not limited to..." language, was intended to and did assign claims for bad faith existing at the time is a question of fact. Progressive Cas. Ins. Co. v. F.D.I.C., 80 F.Supp.3d 923 (N.D. Iowa 2015). In the context of this motion to dismiss, the court cannot say that the language clearly precludes such a result. Therefore, that question is for the trier of fact. This may or may not be relevant given the court's first finding that the bad faith claim was un-asserted and unperfected and thus did not exist at the time of the assignment.

Third, Travelers asserts that it does not owe an independent duty to refrain from bad faith to a non-insured such as JRL. This is a true statement of Iowa law. Dolan v. Aid Ins. Co., 431 N.W.2d 790, at 794 (Iowa 1988); T. Zenon Pharm. V. Wellmark, supra.

3

Therefore, in sum, no claim for bad faith existed at the time of the assignment, and thus could not have been assigned. Also, Travelers owes no independent direct duty to refrain from dealing in bad faith to a non-insured such as plaintiff. Therefore, there was and is no duty from Travelers to JRL to refrain from dealing in bad faith.

It is therefore

ORDERED

Granted. Count II dismissed.

March 28, 2016

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT